UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIQUAN WALLACE, *on his own behalf and on behalf of others similarly situated,*

                Plaintiff,

v.

INTERNATIONAL HOUSE OF PANCAKES, LLC, *et al.,*

                Defendants.

**Case No. 21-CV-6993-MKV**

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS TRIHOP MANAGEMENT LLC AND TRIHOP 69TH STREET LCC

Steven M. Warshawsky, Esq.
The Warshawsky Law Firm

*Attorney for Movants*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................1

TABLE OF AUTHORITIES .........................................................................................................2

PRELIMINARY STATEMENT ....................................................................................................3

STATEMENT OF FACTS .............................................................................................................4

STANDARD OF REVIEW ............................................................................................................5

ARGUMENT ..................................................................................................................................5

    Point One:     The Complaint Does Not Plausibly Allege That Trihop
Management LLC Was The Plaintiff's Employer ............................5

    Point Two:     The Complaint Does Not Plausibly Allege that Trihop 69th
Street LLC Was The Plaintiff's Employer ........................................7

    Point Three:    The Complaint Does Not Plausibly Allege That Trihop
Management LLC or Trihop 69th Street Are Subject To
Employer Liability Under A Single Enterprise Theory ....................8

    Point Four:     Any FLSA Claims Against Trihop Management LLC or
Trihop 69th Street LLC Are Time-Barred ........................................9

    Point Five:     The Complaint Does Not Plausibly Allege A Basis For
Personal Jurisdiction Over Trihop 69th Street LLC .......................10

CONCLUSION .............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Alfonso v. Mougis Logistics Corp.*, 21-CV-5302(LJL), 2021 WL 5771769
    (S.D.N.Y. Dec. 6, 2021) ............................................................................................... 10
*Ayers v. Shiver*, 21-CV-473(ERK), 2021 WL 3472655
    (E.D.N.Y. Aug. 6, 2021) ................................................................................................ 9
*Henao v. Parts Authority, LLC*, 19-CV-10720(LGS), 2021 WL 2784528
    (S.D.N.Y. July 2, 2021) .......................................................................................... 11,12
*Herman v. RSR Security Servs., Ltd.*, 172 F.3d 132 (2d Cir. 1999) ..................................... 5
*Huang v. Shanghai City Corp.*, 459 F. Supp.3d 580 (S.D.N.Y. 2020) ........................... 6,8,9
*In re Michael Stapleton Assocs. Ltd.*, 17-CV-5468(AJN), 2018 WL 3962931
    (S.D.N.Y. Aug. 17, 2018) ......................................................................................... 5,6,7
*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ........................................................... 5
*James v. iFinex Inc.*, 185 A.D.3d 22, 127 N.Y.S.3d 456 (1st Dep't 2020) ......................... 11
*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195,
    522 N.E.2d 40 (N.Y. 1988) ......................................................................................... 11
*Lopez v. Acme American Environ. Co.*, 12-CV-511-WHP, 2012 WL 6062501
    (S.D.N.Y. Dec. 6, 2012) ............................................................................................. 7,9
*PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105 (2d Cir. 1997) ........................................... 11
*Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264
    (S.D.N.Y. Oct. 25, 2019) ............................................................................................ 11
*Rychorcewicz v. Welltec, Inc.*, H-16-2(NKJ), 2018 WL 3559131
    (S.D. Tex. June 22, 2018) ........................................................................................... 11
*Stewart v. Hudson Hall LLC*, 20-CV-885-PGG, 2021 WL 735244
    (S.D.N.Y. Feb. 24, 2021) ........................................................................................... 6,8
*Weiss v. Starr Restaurant Organ., LP,* 20-CV-8090-JMF, 2021 WL 3099895
    (S.D.N.Y. July 21, 2021) ........................................................................................... 6,8
*Weng v. HungryPanda US, Inc.*, 19-CV-11882(KPF), 2022 WL 292799
    (S.D.N.Y. Jan. 31, 2022) ......................................................................................... 5,6,7
*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) ........................................... 10

**Statutes and Rules**

29 U.S.C. § 255(a) ............................................................................................................... 10
CPLR 302(a)(1) ................................................................................................................... 11

**PRELIMINARY STATEMENT**

Defendants Trihop Management LLC and Trihop 69th Street LLC, by their undersigned attorney, respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2), for an Order dismissing the Complaint against them, and state as follows:

This is an action under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) asserting various wage-and-hour claims, including unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours pay, failure to provide wage notices, and failure to provide accurate paystubs. *See generally* Complaint filed 8/19/21 (ECF 1). The Complaint names several corporate and individual defendants, including Trihop Management LLC and Trihop 69th Street LLC. The Complaint proposes an FLSA collective action on behalf of "all other and former non-exempt employees who have been or were employed by Defendants for up to the last three (3) years" and a state law class action on behalf of "all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint." *Id.* ¶ 97-98.

As outlined in movants' premotion letter dated 12/31/21 (ECF 28), Trihop Management LLC and Trihop 69th Street LLC should be dismissed from this case. First, the Complaint does not plausibly allege that these entities were the plaintiff's "employer" within the meaning of the FLSA and the NYLL; therefore, these entities cannot be held liable for any of the wage-and-hour violations alleged in the Complaint. Second, the Complaint does not plausibly allege that these entities "willfully" violated the FLSA; therefore, because the Complaint was filed more than two years after the last day of the plaintiff's employment, the FLSA claims against these two entities are time-barred. Third, the Complaint does not plausibly allege a basis for personal jurisdiction over Trihop 69th

3

Street LLC, which is a Pennsylvania corporation with its principal place of business in Pennsylvania. The movants' only connection to this case appears to be their common "Trihop" moniker, which hardly suffices to hold them liable for the violations alleged herein.

**STATEMENT OF FACTS**

The entirety of the allegations in the Complaint specifically referring to Trihop Management LLC and Trihop 69th Street LLC are as follows:

- "Defendant TRIHOP MANAGEMENT, LLC (hereinafter 'Defendant Trihop') is a franchisee of franchisor Defendant iHop Corporate." (¶ 10);

- "Defendant TRIHOP 69TH STREET LLC d/b/a iHop is a domestic limited liability company organized under the laws of the State of New York with a principal address at 101 S 69th St, Upper Darby, PA 19082." (¶ 17);

- "TRIHOP 69TH STREET LLC d/b/a iHop is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year." (¶ 18);

- "TRIHOP 69TH STREET LLC d/b/a iHop purchased and handled goods moved in interstate commerce." (¶ 19);

- "EDWARD SCANNAPIECO, known as Owner to Plaintiff … [exercised various powers at] … TRIHOP 69th STREET LLC d/b/a iHop …." (¶ 24);

- "KWESI THOMAS, known as Manager to Plaintiff … [exercised various powers at] … TRIHOP 69TH STREET LLC d/b/a iHop …." (¶ 30);

- "BEN ASHKENAZY known as Chairman and CEO to Plaintiff … [exercised various powers at] … TRIHOP 69TH STREET LLC d/b/a iHop …." (¶ 38);

- "EDWARD SCANNAPIECO AND BEN ASHKENAZY co-own four (4) iHop's, that share substantially same labor practices: … [including] 101 S 69th St, Upper Darby, PA 19082 …." (¶ 39);

- "Upon information and belief, Plaintiff knows Owner/Operator Defendants BEN ASHKENAZY and EDWARD SCANNAPIECO to own, visit, and manage iHops at least four (4) different locations: … [including] 101 S 69th St, Upper Darby, PA, 19082 …." (¶ 45);

- "Furthermore, the General Managers hired by Defendants rotate among the 4 locations, including the Pennsylvania locations." (¶ 48);

4

- "Ingredients such as meat, batter, dressing, and dairy products, were shared among the 4 locations." (¶ 54);

- "There is one website used by all national iHop chains (restaurants.ihop.com) that have information regarding hours, locations, and menus. All four defendant locations appear on this website." (¶ 57)

## STANDARD OF REVIEW

The standards of review applicable to the present motion are well established. In the interest of brevity, this boilerplate language will not be repeated here but will be discussed, as necessary, in connection with the plaintiff's legal arguments below.

## ARGUMENT

### Point One:   The Complaint Does Not Plausibly Allege That Trihop Management LLC Was The Plaintiff's Employer.

It is axiomatic that "[t]o be held liable under the FLSA, NYLL, or NYCRR an entity or an individual must be an 'employer'." *In re Michael Stapleton Assocs. Ltd.,* 17-CV-5468(AJN), 2018 WL 3962931, at *2 (S.D.N.Y. Aug. 17, 2018) (citing *Herman v. RSR Security Servs., Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999)); *see also Weng v. HungryPanda US, Inc.*, 19-CV-11882(KPF), 2022 WL 292799, at *4 (S.D.N.Y. Jan. 31, 2022) ("To state a claim under the FLSA or the NYLL, a plaintiff must establish that the defendant is an employer.")  "[T]o determine whether an entity is an 'employer' under the FLSA, NYLL, or NYCRR, the Second Circuit uses a four factor test to observe the 'economic reality': 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *In re Michael Stapleton Assocs. Ltd., supra,* at *2 (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (further citation and footnote omitted).  "Mere boilerplate allegations that an individual meets the various prongs of the economic reality test … are insufficient

5

to establish that an entity is an employer." *Id.* at *3 (internal quotation marks and citation omitted). "A plaintiff who cannot make this threshold showing cannot maintain a claim under either statute." *Weng*, *supra*, at *4.

Here, the plaintiff cannot make the threshold showing that Trihop Management LLC was his "employer" within the meaning of the FLSA and NYLL. Literally the only allegation in the Complaint specifically relating to Trihop Management LLC is that it "is a franchisee of franchisor Defendant iHop Corporate." Compl. ¶ 10. Even assuming this allegation is true, this does not plausibly allege that Trihop Management LLC was the plaintiff's employer for purposes of the FLSA and NYLL. Indeed, the plaintiff does not allege he was employed by or ever performed any work for Trihop Management LLC. He alleges that he was employed by Trihop 14th Street LLC and/or Trihop 177th Street LLC. *See* Compl. ¶¶ 46, 71. The plaintiff does not allege the relationship, if any, between Trihop Management LLC and the 14th Street and 177th Street defendants. The plaintiff does not allege – even in boilerplate terms – that Trihop Management LLC satisfies the four factors of the "economic reality" test. The plaintiff does not allege any connection whatsoever between Trihop Management LLC and his employment. Most importantly, the plaintiff "has entirely failed to allege that [Trihop Management LLC] exercised control, whether formal or functional, over him or his work." *Weng*, *supra*, at * 5.

In sum, the plaintiff "has not plausibly alleged that [Trihop Management LLC] is his employer under the FLSA or the NYLL." *Id.* Therefore, the Complaint against this defendant should be dismissed. *See, e.g., Weng, supra,* at *7 (dismissing claims against restaurant entity); *Weiss v. Starr Restaurant Organ., LP,* 20-CV-8090-JMF, 2021 WL 3099895, at *6 (S.D.N.Y. July 21, 2021) (same); *Stewart v. Hudson Hall LLC,* 20-CV-885-PGG, 2021 WL 735244, at *7 (S.D.N.Y. Feb. 24, 2021) (same); *Huang v. Shanghai City*

*Corp.,* 459 F. Supp.3d 580, 591-92 (S.D.N.Y. 2020) (same); *In re Michael Stapleton Assocs. Ltd., supra,* at *3 (same); *Lopez v. Acme American Environmental Co.,* 12-CV-511-WHP, 2012 WL 6062501, at *5 (S.D.N.Y. Dec. 6, 2012) (same).

### Point Two: The Complaint Does Not Plausibly Allege That Trihop 69th Street LLC Was The Plaintiff's Employer.

For the same reasons, the Complaint against Trihop 69th Street LLC should be dismissed. Although the Complaint contains additional allegations relating to this defendant, "[n]one of these allegations provides insight into whether or the degree to which [Trihop 69th Street LLC] exercised control over Plaintiff." *Weng, supra,* at *5. These allegations simply describe Trihop 69th Street LLC as a business engaged in interstate commerce that operated an iHop restaurant in Upper Darby, Pennsylvania (just west of Philadelphia), but they do not allege that the plaintiff ever was employed by Trihop 69th Street LLC or ever worked at the Upper Darby restaurant. Although the plaintiff alleges that the New York and Pennsylvania restaurants shared food supplies and appeared together on the national iHop website (along with every other iHop restaurant in the country), he does not allege that Trihop 69th Street LLC exercised any formal or functional control over the 14th Street and 177th Street restaurants where he worked. Indeed, the plaintiff does not allege any connection whatsoever between Trihop 69th Street LLC and his employment. Trihop 69th Street LLC may have employed workers in Pennsylvania, but the plaintiff does not plausibly allege that he was employed by Trihop 69th Street LLC. Accordingly, the Complaint against this defendant should be dismissed.

**Point Three:   The Complaint Does Not Plausibly Allege That Trihop Management LLC or Trihop 69th Street LLC Are Subject To Employer Liability Under A Single Enterprise Theory**.

"[U]nder the FLSA, multiple corporate entities can be liable as the 'employer' under 'a joint employer theory based on the theory that they operate as a single enterprise with significant interrelation of operations." *Huang*, 459 F. Supp.3d at 586 (citation omitted). Based on a heading in the Complaint, it appears that the plaintiff alleges that Trihop 69th Street LLC is part of a single enterprise along with Trihop 14th Street LLC, Trihop 177th Street LLC, and "John Doe Corporation." *See* Compl. at 8.  Notably, the plaintiff does not include Trihop Management LLC in this heading, and there are no allegations in the Complaint even attempting to show that Trihop Management LLC is part of a single enterprise.  As for Trihop 69th Street LLC, the allegations in the Complaint – alleging common ownership, rotating general managers, sharing food supplies, and appearing together on the national iHop website – have been deemed insufficient by courts in this district.  *See, e.g.*, *Huang*, *supra*, at 587-89; *Weiss,* 2021 WL 3099895, at *5-6; *Stewart*, 2021 WL 735244, at *3-4.

Importantly, the single enterprise theory of liability "applies in extraordinary circumstances where plaintiff demonstrates sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify a belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Weiss*, *supra*, at *3 (internal quotation marks and citations omitted).  "In the end . . . the decisive factor as to whether a named defendant is responsible for [NYLL] violations as to a particular plaintiff turns on control, whether formal or functional." *Id.* (internal quotation marks and citation omitted).  "[A]llegations of common ownership and common purpose, without more, do not answer the fundamental

8

question of whether each corporate entity controlled Plaintiffs as employees." *Huang*, *supra*, at 588 (internal quotation marks and citation omitted).  As the district court explained in *Lopez v. Acme American Environmental Co.*:  "Under the FLSA, companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, absent control, are not liable for the separate employees of joint ventures.  Although they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves."  *Lopez*, 2012 WL 6062501, at *4.

In the case at bar, the Complaint does not allege that Trihop Management LLC or Trihop 69th Street LLC exercised any control over his employment.  Accordingly, whatever their relationship may have been to other defendants, neither entity can be held liable under a single enterprise theory for the wage-and-hour violations allegedly committed in this case.

### Point Four:   Any FLSA Claims Against Trihop Management LLC or Trihop 69th Street LLC Are Time-Barred.

In Count I of the Complaint, the plaintiff asserts an FLSA claim against all defendants for "failure to pay wages for all hours worked."  *See* Compl. at 19.  Presumably the plaintiff means unpaid minimum wages, because "the statute does not provide such a claim in the absence of a violation of its minimum wage or overtime provisions."  *Ayers v. Shiver*, 21-CV-473(ERK), 2021 WL 3472655, at *1 (E.D.N.Y. Aug. 6, 2021).  In Count III of the Complaint, the plaintiff asserts an FLSA claim against all defendants for "failure to pay overtime."  *See* Compl. at 20.  In Count IX of the Complaint, the plaintiff asserts an FLSA claim, presumably against all defendants, for failure to pay uniform maintenance costs.  *See* Compl. at 24-25.  In Count X of the Complaint, the plaintiff asserts an FLSA claim, presumably against all defendants, for illegal retention of tips.  *See* Compl. at 25.

9

Claims under the FLSA generally are subject to a two-year statute of limitations. *See* 29 U.S.C. § 255(a). The latest date that the plaintiff alleges he worked for one of the defendants is May 3, 2019. *See* Compl. ¶ 7. The complaint was filed on August 19, 2021, more than two years later. Consequently, the plaintiff's FLSA claims are time-barred unless the three-year statute of limitations for "willful" violations applies. *See* 29 U.S.C. § 255(a). Although the plaintiff alleges that "Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL," Compl. ¶ 2, "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleading stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021).

Significantly, the Second Circuit issued its *Whiteside* decision on April 27, 2021 – *before* the Complaint was filed in the case at bar. Nevertheless, there are no factual allegations in the Complaint that Trihop Management LLC or Trihop 69th Street LLC committed *any* violations of the FLSA, let alone any *willful* violations. Accordingly, the plaintiff is not entitled to rely upon the three-year statute of limitations, and any FLSA claims he purports to assert against Trihop Management LLC or Trihop 69th Street LLC are time-barred and should be dismissed.[1]

### Point Five:   The Complaint Does Not Plausibly Allege A Basis For Personal Jurisdiction Over Trihop 69th Street LLC.

Although the plaintiff alleges that Trihop 69th Street LLC is "a domestic limited liability company organized under the laws of the State of New York," Compl. ¶ 17, this is

---

[1] If the plaintiff's FLSA claims (if any) against these defendants are dismissed, this Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims (if any) against these defendants. *See, e.g., Alfonso v. Mougis Logistics Corp.,* 21-CV-5302(LJL), 2021 WL 5771769, at *4 (S.D.N.Y. Dec. 6, 2021); *Whiteside,* 995 F.3d at 325 (district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims).

not correct. A search of the New York Department of State website for corporations named "Trihop" shows that Trihop 69th Street LLC is not registered in New York. *See* Exhibit A. On the other hand, a search of the Pennsylvania Department of State website for corporations named "Trihop" shows that Trihop 69th Street LLC is registered in Pennsylvania. *See* Exhibit B. *See, e.g., Rychorcewicz v. Welltec, Inc.,* H-16-2(NKJ), 2018 WL 3559131, at *6-7 (S.D. Tex. June 22, 2018) (printouts from government websites are admissible in evidence). Consequently, Trihop 69th Street LLC is a Pennsylvania corporation with its principal place of business in Pennsylvania.

The question of personal jurisdiction over an out-of-state corporation sued in an FLSA action filed in New York was addressed recently in *Henao v. Parts Authority, LLC*, 19-CV-10720(LGS), 2021 WL 2784528 (S.D.N.Y. July 2, 2021). The district court in *Henao* explained the applicable legal framework:

> "[A] federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted); *accord Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 272 (S.D.N.Y. Oct. 25, 2019). "FLSA does not provide for nationwide service of process." *Id.* at 273 (collecting cases). As applicable here, under New York's long-arm statute, a court has specific jurisdiction "over any non-domiciliary ... who in person or through an agent ... transacts any business within the state," so long as the cause of action "aris[es] from" that transaction. CPLR § 302(a)(1). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (N.Y. 1988); *accord James v. iFinex Inc.*, 185 A.D.3d 22, 127 N.Y.S.3d 456, 461 (1st Dep't 2020).

In the case at bar, there are no factual allegations in the Complaint showing that Trihop 69th Street LLC "transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR § 302(a)(1). Nowhere in the Complaint is there an allegation of even a single transaction in New York by this defendant.

11

Accordingly, the Complaint does not plausibly allege a basis for personal jurisdiction over Trihop 69th Street LLC, which should be dismissed from the case. *See Henao, supra*, at *3 (dismissing two corporate defendants that "are not alleged to have any contacts with New York"). Furthermore, the plaintiff's conclusory assertion that Trihop 69th Street LLC is part of a "single enterprise" along with the New York defendants – even if plausibly alleged, which it is not – does not suffice to establish personal jurisdiction. *Id.* at *3-4 (explaining that "single integrated enterprise theory is one of liability and not jurisdiction").[2]

## CONCLUSION

For the reasons set forth above, Trihop Management LLC and Trihop 69th Street LLC should be dismissed from this case.

**For Defendants Trihop Management LLC and Trihop 69th Street LLC:**

By: /s/ *Steven M. Warshawsky*
_____
STEVEN M. WARSHAWSKY (SW 5431)
The Warshawsky Law Firm
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
T: (914) 514-2329
E: smw@warshawskylawfirm.com

Dated: March 11, 2022

---

[2] Another obvious deficiency in the Complaint is that it purports to assert New York Labor Law claims on behalf of employees working at a restaurant in Pennsylvania. This untenable position underscores that Trihop 69th Street LLC does not belong in this lawsuit.