```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIQUAN WALLACE, on his own behalf and on behalf of others similarly situated,

       Plaintiff,

-against-

INTERNATIONAL HOUSE OF PANCAKES, LLC, *et al.*,

       Defendants.

1:21-cv-6993-MKV

**OPINION AND ORDER**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff is a former waiter for the International House of Pancakes, LLC, better known as IHOP, who claims to have been overworked and underpaid by the restaurant chain well known for being open 24 hours-a-day, 7 days-a-week. As a result, Plaintiff brought this action under the Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"), asserting various wage-and-hour claims against several corporate and individual defendants. Two of those defendants—TRIHOP Management LLC and TRIHOP 69th Street LLC—move to dismiss the Complaint as it relates to them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, that motion is granted.

**BACKGROUND**[1]

  Plaintiff Niquan Wallace is a former waiter at IHOP, the popular restaurant chain well known for its pancakes, waffles, and round-the-clock service. ECF No. 1 ("Compl.") ¶¶ 71-72. During his tenure at IHOP, which concluded in May 2019, Plaintiff worked at two New York locations: one run by TRIHOP 177th Street, LLC ("IHOP 177th Street"), and another run by

---

[1] The Court draws its facts from the Complaint [ECF No. 1], the well-pleaded allegations of which are taken as true for the purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

TRIHOP 14th Street LLC ("IHOP 14th Street").  Compl. ¶¶ 7, 11, 15, 46.  These locations were owned by Ben Ashkenazy ("Ben") and Edward Scannapieco ("Edward").  Compl. ¶¶ 39, 45, 55.

Plaintiff worked hard as a waiter.  He would restock the freezers, clean off the plates, sweep and mop the store, and, of course, serve the customers.  Compl. ¶ 88.  This time-intensive work often resulted in Plaintiff working over ten-hour days and over forty-hour weeks.  Compl. ¶¶ 63-64, 74, 82.  Despite these long hours, Plaintiff alleges that he was often denied overtime pay and even, at times, basic minimum wage.  Compl. ¶¶ 63-64, 74, 82.  Plaintiff alleges that, on top of that, IHOP shortchanged him on tips by pooling the tips and retaining an excessive portion for tax purposes before redistributing those funds to the waitstaff.  Compl. ¶¶ 83, 92, 155.  In short, Plaintiff allegedly put in more than a fair day's work for less than a fair day's pay.

On August 19, 2021, Plaintiff commenced this action against several corporate and individual defendants, bringing wage-and-hour claims under the FLSA and the NYLL.  The Complaint named some predictable defendants: the New York IHOP locations where Plaintiff worked; Ben and Edward, as owners of those locations; the IHOP manager who oversaw Plaintiff and who ultimately fired him; and International House of Pancakes, LLC, as the franchisor of an international chain of IHOP restaurants.[2]  Compl. ¶¶ 8-9, 11-16, 23-41.  But some of the named defendants have a less obvious connection to the claims.  One is TRIHOP Management LLC, which is a seemingly random franchisee of International House of Pancakes, LLC.  Compl. ¶ 11.  Another is TRIHOP 69th Street LLC ("IHOP 69th Street"), which is an IHOP restaurant in Pennsylvania owned by Ben and Edward.[3]  Compl. ¶¶ 39, 45, 55.  Presently

---

[2] The case was voluntarily dismissed without prejudice only against Defendant International House of Pancakes, LLC d/b/a IHOP.  [ECF No. 53].  Additionally, this matter is stayed with respect to Defendant Edward Scannapieco [ECF No. 42], in light of the bankruptcy proceeding filed by that individual defendant [ECF No. 36].

[3] The only other named defendant is a John Doe Corporation, which Ben and Edward allegedly owned, but which did not open until 2021—two years after Plaintiff's employment ended.  Compl. ¶¶ 20, 39, 45

before the Court is a motion to dismiss brought by Defendants TRIHOP Management LLC and IHOP 69th Street (together, the "Moving Defendants"), who claim that they never acted as Plaintiff's "employer."

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The Moving Defendants argue that the Complaint must be dismissed as it relates to them because Plaintiff's claims are time barred or, in the alternative, because Plaintiff failed to plead that the Moving Defendants were "employers" under the FLSA or the NYLL. Additionally, Defendant IHOP 69th Street moves to dismiss the Complaint for lack of personal jurisdiction. Because the Complaint clearly fails to allege that the Moving Defendants were "employers," as required by the relevant statutes, the Court need not consider timeliness or personal jurisdiction.[4]

---

[4] Generally, Courts address any challenge to personal jurisdiction before deciding the merits of the cause of action. *See In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267-68 (2d Cir. 2001) (treating personal jurisdiction as a threshold question that precedes adjudication of the merits). As the Second Circuit has explained, however, "in cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, [the Court] may address first the facial challenge to the underlying cause of action and, if [the Court] dismiss[es] the claim in its entirety, decline to address the personal jurisdiction claims made by some defendants." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 247 (2d Cir. 2012). Because every claim against IHOP 69th Street is dismissed on other grounds, this Court need not address the personal jurisdiction argument.

To be held liable under the FLSA or the NYLL, an entity or individual must be an "employer." *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The FLSA statute defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Given the breadth of this definition, the Second Circuit has developed a four-part "economic reality" test for determining whether an entity or person qualifies as a plaintiff's employer. The determination turns on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (internal quotation marks omitted). "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question . . . ." *Id.* (internal quotation marks and citations omitted).[5]

Plaintiff does not argue that the Moving Defendants had control over him under the economic reality analysis. This is unsurprising, as Plaintiff failed to allege a direct relationship with the Moving Defendants. With respect to Defendant TRIHOP Management LLC, the Complaint contains only a single allegation: that it "is a franchisee of franchisor Defendant iHop Corporate." Compl. ¶ 10. With respect to Defendant IHOP 14th Street, the Complaint alleges that the restaurant, located outside of Philadelphia, had the same owners as the New York restaurants where he worked, that general managers would rotate among the New York and Pennsylvania restaurants, that food supplies were shared among the different locations, and that

---

[5] Like the FLSA, the definition of "employer" under NYLL is extremely broad. *See* N.Y. Lab. Law § 190(3) ("'Employer' includes any person . . . employing any individual."). As a result, "[t]he statutory standard for employer status under the NYLL is nearly identical to that of the FLSA, and courts in this district apply the same analysis to both statutes." *Morales v. Performance Master, Inc.*, No. 21-cv-97, 2022 WL 1645088, at *2 (S.D.N.Y. May 24, 2022) (internal quotation marks omitted) (alterations adopted)).

4

all of the locations appeared on the national IHOP website. Comp. ¶¶ 45, 48, 54, 57. Missing from the Complaint, however, is a key ingredient: Plaintiff and any relationship to the IHOP in Pennsylvania.

Recognizing these deficiencies, Plaintiff argues that the Pennsylvania IHOP and the two IHOPs in New York comprised a single integrated enterprise and, as such, are jointly responsible for Plaintiff's alleged wage shortfalls. In so doing, Plaintiff invokes a test that courts in this District have applied with increasing frequency in FLSA cases to determine whether multiple legally distinct entities can be held liable as a single employer: the single-integrated-enterprise test. *See Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 133 n.20 (S.D.N.Y. 2020) (collecting cases applying the test). Under this test, courts consider the following factors: "(1) interrelation of operation, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 586 (S.D.N.Y. 2020).

The list of considerations under this test grows when restaurants are involved. In such cases, courts will "consider whether separate venues have, *inter alia*, common décor, name, menu, and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-cv-6018, 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019) (internal quotation marks omitted). In certain cases, courts have found these factors decisive in determining whether employees at different restaurant locations shared the same employer, despite the fact that the various locations were owned by different entities. *See, e.g., Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 371 (S.D.N.Y. 2014).

But whatever value this test may have when a case involves multiple plaintiffs working across various locations, that value seems to disintegrate where, as here, a single plaintiff files suit against a chain of restaurants and had no relationship with some of the restaurants in the chain which he sued.  That is because the courts applying this test recognize that, in the end, only one (familiar) thing matters: whether the alleged employer possessed the power to *control* the plaintiff.  *See, e.g.*, *Han Dynasty, Inc.*, No. 18-cv-6018, 2019 WL 633355, at *8 ("[I]n the end, the decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control . . . ."); *Weiss v. Starr Res. Org., LP*, No. 20-cv-8090, 2021 WL 3099895, at *6 (S.D.N.Y. July 21, 2021) ("At bottom, missing from the Complaint is any allegation permitting the inference that the Other Starr Restaurants possessed the power to control [Plaintiff]." (internal quotation marks omitted)).

The test that matters, and the only one the Second Circuit has endorsed, comes down to control.  See *Herman*, 172 F.3d at 139.  Conspicuously absent from the Complaint is any allegation that the Pennsylvania IHOP controlled, or had the ability to control, the plaintiff.  Plaintiff can neither sidestep nor subvert that critical factor.  His allegations discuss a general fluidity between some operations at the Pennsylvania IHOP and the New York locations; but absent from the allegations is how this affected him.  Plaintiff fails to allege, for example, "that *he* worked at the other locations in the enterprise, that *he* transferred items between those stores, or that *he* communicated with anyone at those stores."  *Hsieh Liang Yeh*, 2019 WL 633355, at *8 (internal quotation marks omitted) (emphasis added) (alterations adopted).  Integration is irrelevant without control.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss the complaint as to defendants TRIHOP Management LLC and TRIHOP 69th Street LLC is granted.

The Clerk of Court respectfully is requested to close the Motion at ECF No. 47.


**SO ORDERED.**

**Date:  December 8, 2022**
         **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**