# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

May 17, 2024

<u>Via ECF</u>
Honorable Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*WALLACE et al. v TRIHOP 177TH STREET, LLC d/b/a iHop et al., 21-cv-06993*

Dear Judge Netburn:

The Parties write jointly to respectfully submit a revised and executed Settlement Agreement in conformity with District Judge Vyskocil's Order dated April 29, 2024, Docket Entry No. 74, which cures the deficiencies identified by the District Judge with respect to (1) the release, (2) future employment, (3) the non-disparagement clause, (4) the non-cooperation clause, and (5) severability clause.

## I.   Procedural History

The Joint Fairness Letter Motion was originally filed on April 26, 2023. *See* Docket Entry No.70. Two joint letters were filed requesting for approval on December 12, 2023 and again on March 18, 2024. *See* Docket Entry No. 71 and 72. On April 26, 2024, the parties filed a Notice, Consent, and Reference to the Magistrate Judge. *See* Docket Entry No. 73.

## II.   Background

Plaintiff NIQUAN WALLACE was employed by Defendants TRIHOP 177TH STREET, LLC d/b/a iHop; and TRIHOP 14TH ST LLC d/b/a iHop and BEN ASHKENAZY, and KWESI THOMAS, (collectively, "Defendants"),

This lawsuit was originally filed on August 19, 2021, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) uniform maintenance costs, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law §

Hon. Sarah Netburn
Page 2

650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wages/ unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) uniform maintenance costs, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (7) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (8) 9% simple prejudgment interest provided by NYLL, (9) post-judgment interest, and (10) attorney's fees and costs.

Defendants deny any liability whatsoever for Plaintiff's claims in their entirety, as set forth in greater detail below.

### III.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Thousand Dollars ($100,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement provides Plaintiff with a recovery of $66,392.21, which, as described below, is 88.3 % of the damages to which Plaintiffs claims he is entitled. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsel, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, the recovery to Plaintiff and Defendants inability to withstand a higher award due to financial hardships, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Court in its Order dated April 29, 2024 has found that the economic results are a "strong result for Plaintiff."

The non-economic results are now in full compliance with the Court's order.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff NIQUAN WALLACE claimed that he worked approximately seventeen (17) hours on average each week from March 18, 2018 to October 17, 2018 and for about sixty-eight (68) hours on average each week from October 08, 2018 to April 01, 2019. Plaintiff further alleges that he was paid Eight Dollars ($8.00) per hour from March 18, 2018 to October 07, 2018; and Ten Dollars ($10.00) per hour, but was only paid approximately thirty (30) to thirty two (32) hours per week from October 08, 2018 to April 01, 2019. For the other hours of the week, Plaintiff was allowed only to keep his tips, but did not receive his normal hourly salary. Plaintiff further claimed that WALLACE worked over two (2) hours or twenty percent (20%) of the workday. Lastly, Plaintiff WALLACE claimed that he had to bear the cost of uniform maintenance.

Plaintiff NIQUAN WALLACE's unpaid wage/ minimum wage, overtime compensation, and uniform maintenance costs shortfall without liquidated damages under the FLSA was Twelve Thousand Sixteen Dollars And Seventy-Four Cents ($12,016.74) and his unpaid wage/ minimum wage, overtime compensation, spread-of-hour compensation, and uniform maintenance costs shortfall under the NYLL was Twenty-Seven Thousand One Hundred Eleven Dollars And Fifty-Three Cents ($27,111.53). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Ten Thousand Nine Hundred Thirteen Dollars And Eighty-One Cents ($10,913.81) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Seventy-Five Thousand One Hundred Thirty-Six Dollars And Eighty-Six Cents ($75,136.86).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation, the threat of protracted, costly and time-consuming class action litigation to Defendants, Defendants' meritorious defenses to the claims on a class and individual basis and Defendants' capacity and financial wherewithal to withstand a greater   judgment at trial or wherewithal to pay anything more towards a settlement, Plaintiff and Defendants agreed to settle for the proposed settlement

amount of One Hundred Thousand Dollars ($100,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants maintain that Plaintiff and the purported class he seeks to represent were properly paid for all hours worked based on Defendants' contemporaneous pay and time records for Plaintiff and the purported class, including payment of overtime compensation when Plaintiff worked more than 40 hours in a week. Defendants are thus not liable to Plaintiff for unpaid wages or overtime compensatin. Defendants also maintain that their complete and accurate payment to Plaintiff of all wages due and owing is a complete defense to Plaintiff's tip credit, wage notice and wage statement claims under the NYLL. Defendants also maintain that Plaintiff was not entitled to spread of hours pay because he did not work shifts that exceeded ten hours. Defendants thus vehemently deny that Plaintiff is entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL").  As such, Plaintiff's double calculation of compensatory damages under FLSA and NYLL is also without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FLSA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. To the extent there was liability under the FLSA or NYLL for underpayment of wages (which is denied), Defendants demonstrated that any action or inaction was in good faith and there was no willful underpayment.  As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### IV. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Thousand Dollars ($100,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Zero Dollars ($ .00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is One Hundred Thousand Dollars ($100,000.00).

Of the Net Settlement Amount, One Third (1/3), or Thirty-Three Thousand Three Hundred Thirty-Three Dollars And Thirty-Three Cents($33,333.33), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Zero Dollars ($ .00) for a total of Thirty-Three Thousand Three Hundred Thirty-Three Dollars And Thirty-Three Cents ($33,333.33). Of the Net Settlement Amount, Two Thirds (2/3), or Sixty-Six Thousand Six

Hon. Sarah Netburn
Page 5

Hundred Sixty-Six Dollars And Sixty-Seven Cents($66,666.67) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

      The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

      The Court has previously found that "Roughly a third of the settlement amount, $34,000, plus costs and expenses appears to be fair." The Court, however, did direct the Plaintiff to "submit the retainer agreement with his counsel before any fees can be approved." See Docket Entry No. 74 at *3. Exhibit 4 is a true copy of the redacted Retainer Agreement which includes the retainer agreement which provides for the one-third agreement of any settlement.

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Sarah Netburn
Page 6

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **GORDON REES SCULLY** |
| *Attorneys for Plaintiffs* | **MANSUKHANI, LLP** |
| | *Attorneys for Defendants* |

/s/ John Troy

/s/

John Troy, Esq.
Aaron Schweitzer, Esq.
Tiffany Troy, Esq.
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel.: 718 762 1324

Francis Giambalvo, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: 2124530780